UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 1:18-cr-00020-JDL |
| LARRY O'NEAL, | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S EMERGENCY
MOTION FOR BAIL PENDING APPEAL**

On April 26, 2019, a jury convicted Larry O'Neal of one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and 2252A(b)(2). On January 23, 2020, O'Neal was sentenced to a term of 51 months imprisonment and committed to the custody of the Federal Bureau of Prisons. On February 11, 2020, he filed a notice of appeal of his conviction and sentence. Since then, the novel coronavirus known as COVID-19 has spread across the United States, and public health officials have declared the outbreak a pandemic. *See* General Order 2020-1 (D. Me. Mar. 13, 2020). In light of the health risks associated with remaining in custody during the COVID-19 pandemic, O'Neal seeks emergency release on bail during the pendency of his appeal (ECF No. 172). I held a hearing on April 22, 2020, via telephone conference, as video teleconferencing was not reasonably available. *See* General Order 2020-4 (D. Me. Mar. 31, 2020). O'Neal consented to proceeding via telephone conference after consulting with counsel. *See id.*

## I. LEGAL STANDARD

To be eligible for release, O'Neal must establish four elements. First, he must establish by clear and convincing evidence that he is not likely to flee or pose a danger to public safety if released. *See* 18 U.S.C. § 3143(b)(1)(A) (West 2020). Second, he must establish that his appeal is not for the purpose of delay and raises a substantial question of law or fact. *See* § 3143(b)(1)(B). Third, he must establish that a favorable determination of that question on appeal would likely result in reversal or a new trial.[1] *See United States v. Zimny*, 857 F.3d 97, 99 (1st Cir. 2017) (citing *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985)) (construing § 3143(b)(1)(B)). Fourth, he must clearly show that exceptional circumstances make his continued detention inappropriate. *See* §§ 3143(b)(2), 3142(f)(1)(A), 3156(a)(4)(C), 3145(c). I address only the second element because it is dispositive.

## II. ANALYSIS

On appeal, O'Neal intends to challenge my orders denying his motion to suppress (ECF No. 53) and his motion for leave to file a *Franks* hearing motion (ECF No. 134). He contends that his appeal presents substantial questions of law as to both motions. "[A] substantial question means 'a close question or one that very well could be decided the other way.'" *Zimny*, 857 F.3d at 100 (quoting *Bayko*, 774 F.2d at 523). I consider each motion in turn.

---

[1] O'Neal may also establish the third element by showing that a favorable determination on appeal would likely result in "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iii)−(iv). O'Neal does not rely on these provisions.

### A.   Motion to Suppress

Before trial, O'Neal moved to suppress statements he made to investigators on January 19, 2018, arguing that he was subjected to custodial interrogation without receiving the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966). Based on the evidence presented at the suppression hearing and the applicable precedent, I found that O'Neal was not in custody and thus that the investigators did not violate the law by failing to give *Miranda* warnings. *See United States v. O'Neal*, No. 1:18-cr-00020-JDL, 2018 WL 5023336, at *3 (D. Me. Oct. 16, 2018). O'Neal argues that whether he was in custody is a substantial question of law, relying on *United States v. Rogers*, 659 F.3d 74 (1st Cir. 2011). However, as stated in my decision denying the motion to suppress, *Rogers* is easily distinguishable. *See O'Neal*, 2018 WL 5023336, at *3.

In *Rogers*, the defendant was a member of the military. *Rogers*, 659 F.3d at 76. His commanding officer, acting in cooperation with federal agents, ordered him to go home. *See id.* at 76, 78. When he arrived at his house, he found three police officers—two "in battle dress with visible side arms"—inside, questioning his pregnant wife. *Id.* at 76; *see also id.* at 78. Two of the officers then began questioning him inside the house. *See id.* at 76. They encouraged him to speak and did not advise him that he was free to end the discussion. *See id.* at 76, 78. Under these circumstances, the District Court found that the defendant was not in custody and denied his motion to suppress the statements he made to the officers while at his house. *See id.* at 76. The First Circuit reversed, finding that the defendant was in custody for *Miranda* purposes because the "situation at the house would have left any

3

member of the armed services reasonably feeling that he lacked free choice to extricate himself." *Id.* at 79. The "influence of military authority" on the defendant was "dispositive." *Id.* at 77.

Unlike the defendant in *Rogers*, O'Neal is not a member of the military, and he was not subject to a military order when he was questioned. *See O'Neal*, 2018 WL 5023336, at *3. Moreover, the other circumstances surrounding O'Neal's interview with investigators, laid out in my decision denying the motion to suppress, were less coercive than those in *Rogers*. *See id.* Thus, O'Neal's reliance on *Rogers* does not present a "close question" on appeal. *Zimny*, 857 F.3d at 100 (quoting *Bayko*, 774 F.2d at 523). *Rogers* aside, the totality of the circumstances do not support a finding that O'Neal was in custody, s*ee O'Neal*, 2018 WL 5023336, at *3, and O'Neal does not contend otherwise. Therefore, I conclude that O'Neal's appeal of my decision denying his motion to suppress does not raise a substantial question of law under 18 U.S.C. § 3143(b)(1)(B).

## B. Motion for Leave to File a *Franks* Hearing Motion

After trial, O'Neal moved for leave to file a *Franks* hearing motion, challenging the admission of evidence discovered during a search of his home. He argued that the affidavit submitted in support of the search warrant contained a false statement that was necessary to the finding of probable cause. As explained in my decision denying his motion for leave to file a *Franks* hearing motion, O'Neal's motion was untimely. *See United States v. O'Neal*, No. 1:18-cr-00020-JDL, 2019 WL 3432731, at *2 (D. Me. July 30, 2019). Further, for the reasons explained in my decision, the facts and applicable precedent unequivocally establish that O'Neal is not entitled to a

4

*Franks* hearing. *See id.* at \*2–3. O'Neal has not identified any authority to the contrary. Thus, I conclude that his appeal of my decision denying his motion for leave to file a *Franks* hearing motion does not raise a substantial question of law under 18 U.S.C. § 3143(b)(1)(B).

### III. CONCLUSION

I am mindful of the health risks O'Neal faces while in federal custody during the COVID-19 pandemic. However, he has not shown that either of his two bases for appeal presents a substantial question of law or fact under 18 U.S.C. § 3143(b)(1)(B). Accordingly, he is not eligible for release, and his emergency motion for bail pending appeal (ECF No. 172) is **DENIED**.

**SO ORDERED.**

Dated: April 29, 2020

                                                     /s/ **JON D. LEVY**
                                    **CHIEF U.S. DISTRICT JUDGE**